## Case No. 15,307.

### UNITED STATES v. HARKER.

[3 Sawy. 237.] [1]

District Court, D. Oregon. Dec. 16, 1874.

UNITED STATES MARSHALS — FEES IN CRIMINAL CASES.

By paragraph 18 of section 829 of the Revised Statutes, the marshal is entitled to charge as part of the expense of serving a writ in a criminal case, a per diem paid his deputy, not to exceed two dollars per day.

Appeal from the taxation of costs by the clerk. [This was an indictment against J. B. Harker.]

Rufus Mallory, U. S. Atty.

Addison C. Gibbs, for defendant.

DEADY, District Judge. On November 25, 1874, the defendant was convicted by the judgment of this court, upon the plea of guilty, of being engaged in the business of a dealer of manufactured tobacco, without having paid the special tax therefor, as required by law, and sentenced to pay a fine, and the costs of the action to be taxed.

The clerk taxed the costs of the United States at $55.70, from which taxation the defendant appeals to the court, and asks that the item of eight dollars allowed the marshal for per diem paid deputy W. F. Williams, for two days employed in arresting the defendant, in addition to his actual expenses for travel and fee for service of the warrant, be disallowed.

Paragraph 18 of section 829 of the Revised Statutes provides that the marshal shall be entitled, "for expense while employed in endeavoring to arrest, under process, any person charged with or convicted

---

[6] [From 2 Wheeler, Cr. Cas. 283.]

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

of a crime, the sum actually expended. not to exceed two dollars per day. in addition to his compensation for service and travel."

The compensation for serving the process or warrant in this case—that is, taking the defendant into custody upon it after he was found or reached, is fixed by the first paragraph of this section at two dollars. The expenses incurred in traveling from the place where the writ issues to the place where the defendant is arrested, is provided for in the last paragraph of this section; which directs that the marshal may, at his election, receive mileage for such travel or his "actual traveling expenses."

But compensation for the time employed in traveling to make an arrest, is a different matter and a very important one to the marshal. It may take a week's travel to make an arrest in this district. No person can be found to undergo this labor and loss of time, to make an arrest, for his mere actual traveling expenses and the fee for serving the writ in case an arrest is made. The time employed in making an arrest is also to be paid for at not exceeding two dollars per day, taking into consideration the value and responsibility of the duty to be performed. This expense is specially provided for in paragraph 18, supra. which enacts that the marshal shall receive on that account a sum not exceeding two dollars per day. The traveling expenses and the fee for making the service are prescribed in the last paragraph of the section; and it is stated in paragraph 18 that the expense therein provided for is "in addition" to these. The only or most manifest expense to which this paragraph can refer, is the expense incurred in employing a deputy at a reasonable per diem, in addition to his traveling expenses and fee for service, to make the arrest.

The marshal cannot make all or but few arrests in person, and therefore must employ a deputy to perform the service. This he cannot be expected to do unless he pays the deputy for the time actually employed. This per diem or compensation of the deputy is a necessary expense of serving the warrant. It is therefore incurred by the marshal in making or endeavoring to make an arrest, and is provided for in paragraph 18. supra.

Section 837, Rev. St., having provided that the marshal of this district shall receive double fees, the maximum sum allowed for this expense in this district is four dollars per day. I do not think. as a rule, that this is an unreasonable allowance per day for the services of a proper person while employed in traveling over the country by any and all modes and in all seasons, upon the responsible and, sometimes, hazardous duty of making arrests in criminal cases. The motion is denied, and the taxation of the clerk affirmed.